Voorhees, J.
The case of Helen McMahan and others against Lucretia V. Davis and The Indemnity Building and Loan Company comes into this court on petition in error.
Defendant in error, on June 29th, 1898, filed her petition in the common pleas court against The Indemnity Building and Loan Company of Cleveland, Ohio, and others, alleging in substance: That said defendant company on June 11th, 1897, filed its petition in the probate court of this county, against Maggie McMahan and others, averring that on April 1st, 1896, Helen McMahan and George F, McMahan, now deceased, executed and delivered to the said company an obligation in writing for the payment of money, setting out its terms; and to secure said obligation said defendants and one Maggie McMahan, wife of said George F. McMahan, on April 1st, 1896, executed and delivered to said company their mortgage deed of that date, *243 and thereby conveyed to said company, its successors and assigns, the real estate described in the petition. That said deed contained a condition for 'the payment of said obligation, which was filed for record and became a lien on the real estate on April 7th, 1896; that on May 10th, 1896, George F. McMahan died intestate, leaving Maggie Mc-Mahan his widow, and others of the defendants his children; that the condition of said mortgage deed was broken, and asked for an accounting to ascertain the amount due said company, and that said reri estate be sold to pay the same. No money judgment was asked.
It was further averred, that such proceedings had been had in said cause in said probate court, that on July 30th, 1897, an order of sale had been issued out of said court, commanding the sheriff to appraise, advertise and sell said real estate according to law; that on September 6th, 1897, said sheriff sold said real estate to the plaintiff, Lucretia V. Davis, (who was not a party to said action), for six hundred dollars. Said sale was confirmed by the court, and the premises conveyed to plaintiff. That proceedings in error were afterwards had in this court, whereby it was ordered that the judgment of said probate court, the order of sale and confirmation thereof be and the same were reversed, set aside and held for naught, for defects in said proceedings, and said cause was remanded for further proceedings; that plaintiff never acquired possession of the property so purchased by her at the sale made by the sheriff under the order and proceedings in the probate court; that the purchase money bad been paid by her to the sheriff, and the same was applied to the payment of said defendant company’s mortgage indebtedness and costs of said proceedings; that said company received the sum of $383.20 to satisfy its said mortgage, taxes and costs, and the sheriff has the balance of the purchase money in his possession. Wherefore plaintiff asks that she may be subrogated to the rights of said company, and that an accounting may be had on said indebtedness, etc.
The widow, Maggie McMahan, and Helen McMahan by their answer averred that said probate court had no jurisdiction over the subject matter or the p 'rties in said proceedings for the sale of said real estate, and denied all the *244 other allegations of the petition. To this answer a reply was filed. The administrator of George F. McMahan, deceased, is not a party to this action.
Two questions are presented by the record. First, is the plaintiff, Lucretia V. Davis, entitled to be subrogated to the rights of the Indemnity Building and Lean Company, under said mortgage? Second, whether or not in this action or proceeding, wherein the plaintiff, Lucretia V. Davis, asked for a re sale of the property, there is a defect of parties in this, that the administratrix of the estate of George F. McMahaD, deceased, one of the mortgagors, is not a party.
No bill of exceptions is brought into this court. The facts as found by the court are: that an action was brought in the probate court to foreclose the mortgage of defendant company, and the action proceeded so far as to result in the sale of the property to satisfy the mortgage. Plaintiff herein, Lucretia V. Davis, who was not a party, became the purchaser at a judicial sale; she purchased -the mortgaged property and paid the purchase price, which went to the mortgagee in satisfaction of its mortgage; for defects and irregularities in the proceedings, the order of sale, and the sale, confirmation and proceedings were set aside; the plaintiff never got possession of the property, although a deed was made to her by the sheriff under the proceedings which were afterwards set aside.
First — 'The question is, must the defendant in error retain the property she bought under these void proceedings to reimburse her for the purchase money paid, or is she entitled to be subrogated to the rights of the mortgagee by an equitable assignment of the mortgage which her money discharged ?
It is contended on behalf of plaintiff in error, that section 5409, Revised Statutes, applies and governs the case, and that it provides the only remedy the plaintiff has; namely, that she as purchaser of the property at the void judicial sale must hold the property as her only security for reimbursement. The section provides: “If a judgment, in satisfaction of which lands or tenements are sold, be thereafter reversed, such reversal shall not defeat or affect the title of the purchaser; but in such case restitution shall be made *245 by the judgment creditor, of the money for which such lands or tenements were sold, with lawful interest from the day of sale.” This section or statutory rule, as we understand it, only applies to purchases by strangers, when the judgment is reversed, and does not apply to strangers who are purchasers at judicial sales where the order of sale or confirmation is reversed, In this case it is true the purchaser, Lucretia V. Davis, was not a party to the action wherein the property was sold, but the order of sale and the order confirming the same were reversed. In such case, section 5409 does not apply. Insurance Co. v. Sampson, 38 Ohio St , 672, 675, 676; McBain v. McBain 15 Ohio St., 337, 349; McBride and Murphy v. Longworth, 14 Ohio St., 349. A confirmation of a judicial sale is indispensable to the validity of the deed. Had the confirmation in this case remained in force, the sale having been made to a stranger, no doubt a good title would have passed. But the confirmation having been reversed and set aside, it becomes a nullity, and the case stands as though no confirmation had ever been made. The deed was to a stranger, but as the sale was irregular and illegal, and there was no valid order of confirmation or for a deed, it seems clear that no title passed by the deed to the purchaser. Insurance Co. v. Sampson, and McBain v. McBain, supra.
Sections 5410 and 5411, Revised Statutes, are intended to cover such a case. ■ Section 5410 provides:
“If, upon the sale of property on execution, the title of the purchaser is invalid by reason of a defect in the proceedings, the purchaser may be subrogated to the rights of the creditor against the debtor, to the extent of the money paid and applied to the debtor’s benefit, and, to the same extent, shall have a lien on the property sold, as against all persons, except bona fide purchasers, without notice; but this section shall not be construed to require the creditor to refund the purchase money, by reason' of the invalidity of any such sales. ”
Section 5411, provides: “The last section shall apply, •also, to all sales by order of court.” * * *.
The sections above are merely declaratory of a well recognized principle of equity jurisprudence long existing in this country and England. In Sheldon on Subrogation, section 30, the Author says:
*246 “Where the purchase money paid for real estate under a< sale which is afterward avoided, has been applied in the ex-tinguishment of a valid mortgage, such purchaser will besubrogated to the rights of the mortgagee to the extent of the purchase money which has been so applied; and the' owner will not be allowed to avail himself of the payment thus made by the purchaser under a voidable sale, and to recover the property free of the incumbrance without making compensation to the purchaser to the extent of the payment which has gone to the benefit of the owner”
And in section 31:
“If mortgaged property has been sold under a decree of foreclosure, and the sale has been confirmed by the court which ordered it, but subsequently on appeal this decree is reversed, and the mortgaged property is ordered to be again sold for the payment of the mortgaged debt, the original purchaser, if he has paid his purchase money and it has been applied in payment of the mortgage debt, is-entitled to be subrogated to the position of the creditor.”
In Brobst v. Brock, 10 Wallace 519, the court recognizes as authority the case of Gilbert v. Cooly, Walker’s Chancery. 494, where it is held that though a statutory foreclosure of a mortgage be irregular and no bar to the equity of redemption, yet the purchaser at the sale succeeds to all the interest of the mortgagee.
These principles meet the condition and facts of this case. The property was sold and the money was applied in ex-tinguishment of the mortgage debt; the mortgage debt was paid; the sale has been set aside; the purchaser does not get the property; she is therefore entitled to be subrogated to' the rights of the owner of the mortgage; or in other words, she is the equitable assignee of the mortgage, and is entitled to have the mortgage foreclosed and to have the property re-sold to satisfy her claim.
Second: Is there a defect of parties in not making the administrator of the deceased mortgagor a party? There is no money judgment sought, only an accounting iri equity. In such case the administrator is not a necessary party. The plaintiff is not seeking a judgment against the administrator, or against the estate, but the proceeding is one to enforce the lien upon the property created by the deceased *247 mortgagor in his life time, In such actions, if no judgment against the estate is demanded, the executor or administrator is not a necessary party. Bliss Code Pleading, section 102; Story Eq. Pleading, section 196. “The oply necessary parties defendants are the mortgagor, or his heirs, devisees, grantees, or assignee, for these are the only persons interested in the equity that is to be foreclosed.” Phillips on Code Pleading, section 508. The general rule is that the personal representatives are necessary parties only when a personal judgment for a deficiency is sought against the estate. Whittaker’s New Anno. Ohio Civil Code (1896) page 44, note under section 5006 Revised Statutes.
John Ferguson and H. D. Cochran, for Plaintiffs in Error.
M. H. Donahue, for Defendant Lucretia V. Davis.
Herbert Butler, for Defendant, The Indemnity Building and Loan Company.
There is no defect of parties such as to invalidate the proceedings or the decree rendered. We think there is no error in the holding of the court below, and the judgment and decree are affirmed.