OPINION
{¶ 1} Plaintiff-appellant Patrick L. Hicks appeals a decision of the *Page 2 
Montgomery County Court of Common Pleas, General Division, which sustained the motion for summary judgment of defendant-appellee Estate of Jerald L. Mulvaney (hereinafter "the appellee") on March 24, 2008. Hicks filed a timely notice of appeal on April 22, 2008.
 I {¶ 2} The incident which forms the basis for this appeal occurred on February 21, 2003, when an automobile driven by Jerald Mulvaney struck an automobile driven by Hicks. Hicks filed his original complaint in Case No. 2004-CV-3433, alleging injuries and damages stemming from the collision on May 21, 2004. On February 8, 2005, defense counsel filed a suggestion of death which indicated that Mulvaney passed away on December 25, 2004. On March 11, 2005, Hicks filed a motion to amend his complaint to include the Estate of Jerald Mulvaney as a defendant. The trial court sustained the motion to amend on March 22, 2005. The record indicates that Hicks never properly filed the amended complaint after being granted permission by the trial court. Nevertheless, counsel for Mulvaney filed an answer to the amended complaint on April 1, 2005. On April 5, 2005, however, Hicks voluntarily dismissed the case pursuant to Civ. R. 41(A)(1).
 {¶ 3} Hicks then re-filed his complaint on June 6, 2005, naming the Estate of Jerald Mulvaney as one of the defendants.[1] On July 7, 2005, the appellee filed an answer to Hicks' complaint in asserting as one of its affirmative defenses that it was a non-entity, and therefore, could not be sued. It should be noted that an estate was not opened for Mulvaney by his own representatives or remaining family members following his death. Moreover, Hicks did not *Page 3 
attempt to force the creation of an estate for Mulvaney at any point during the instant litigation.
 {¶ 4} In January of 2008, both parties filed their respective motions for summary judgment. On March 24, 2008, the trial court filed a written decision in which it sustained the appellee's motion for summary judgment. The trial court concluded that since no estate had ever been opened for Mulvaney, Hicks was improperly attempting to sue a non-entity. The trial court also reasoned that pursuant to Civ. R. 3(A), Hicks failed to properly commence an action against the defendant within the one-year time frame specified in the rule. Hicks' case was, therefore, subject to dismissal. Additionally, the court overruled Hicks' motion for summary judgment on the basis that the defendant named in the complaint was a non-entity and because issues of material fact existed with respect to the nature and extent of Hicks' medical expenses.
 {¶ 5} It is from this judgment that Hicks now appeals.
 II {¶ 6} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12, 467 N.E.2d 1378.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 8} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is *Page 4 
adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve.Id.
 III {¶ 9} Hicks' first assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN REFUSING TO FIND THAT THE ESTATE ACKNOWLEDGED THE COURT'S JURISDICTION WHEN IT DID NOT OPPOSE HICKS' MOTION TO SUBSTITUTE THE ESTATE OF JERALD L. MULVANEY FOR MULVANEY, AND WHEN THE ESTATE FAILED TO ASSERT ANY AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT THAT IT WAS A NON-ENTITY."
 {¶ 11} In his first assignment, Hicks contends that the appellee waived its right to assert the affirmative defense that Hicks was attempting to sue a non-entity in Case No. 2005-CV-4540. In support of his assertion, Hicks points out that when he moved to amend his complaint in Case No. 2004-CV-3433 by substituting the Estate of Jerald Mulvaney for the deceased individual, the appellee filed an amended answer in that case in which it did not assert the defense that the Estate was a non-entity. Thus, Hicks argues that because the appellee failed to raise the defense in its amended answer in Case No. 2004-CV-3433, it waived the right to raise said defense in Case No. 2005-CV-4540.
 {¶ 12} Initially, we must note again that after receiving leave from the trial court to *Page 5 
amend his complaint in Case No. 2004-CV-3433, Hicks never filed the amended complaint naming the Estate of Jerald Mulvaney as a defendant. The only copy of the amended complaint was attached to the motion to amend filed on March 11, 2005.
 {¶ 13} "Waiver is mainly, or essentially, a matter of intention, Thus, a prerequisite ingredient of the waiver of a right or privilege consists of an intention to relinquish it. Indeed, the essence of a waiver, as indicated by the definition, is the voluntary and intentional relinquishment of a known right, claim, or privilege. Whether an alleged waiver is express or implied, it must be intentional. Mere negligence, oversight, or thoughtlessness does not create a waiver." Russell v. Cityof Dayton (May 18, 1984), Montgomery App. No. 8520.
 {¶ 14} It is undisputed that although Hicks did not file its amended complaint, the appellee did file an amended answer in Case No. 2004-CV-3433 in which it failed to assert the affirmative defense that Hicks could not sue a non-entity. Arguably, the failure to assert the non-entity defense in the amended answer could be perceived as a waiver of the defense for the purpose of its use in Case No. 2004-CV-3433. However, Hicks voluntarily dismissed the matter without prejudice prior to trial pursuant to Civ. R. 41(A).
 {¶ 15} Civ. R. 41(A)(1) permits a plaintiff to dismiss voluntarily all claims asserted against a defendant, without an order of the court, by either:
 {¶ 16} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
 {¶ 17} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action. *Page 6 
 {¶ 18} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."
 {¶ 19} It is well-established that, ordinarily, when a plaintiff dismisses an action without prejudice, pursuant to Civ. R. 41(A), the parties are left as if no action had been brought. Jackson v. AllstateIns. Co. (October 8, 2004), Montgomery App. No. 20443, 2004-Ohio-5775,citing Denham v. City of New Carlisle (1999), 86 Ohio St.3d 594, 596,716 N.E.2d 184, 1999-Ohio-128. Additionally, "if a party is granted a voluntary dismissal, the action is treated as if it had never been commenced. Hence, the dismissed action cannot serve to bar a later action on the grounds of res judicata, collateral estoppel, or law of the case." Id., citing Giambrone v. Spalding and Evenflo Co., Inc.
(April 18, 1997), Miami App. No. 96CA08.
 {¶ 20} In the instant case, Hicks voluntarily dismissed Case No. 2004-CV-3433 without prejudice on April 5, 2005. Thus, the action is treated as though it had never been commenced. DeVille Photography, Inc.v. Bowers (1959), 169 Ohio St. 267, 272, 159 N.E.2d 443. There were no final appealable orders issued in Case No. 2004-CV-3433, and no actions taken in the first instance would, therefore, have any effect on the management or outcome of another case if Hicks were to re-file his complaint. The fact that the appellee did not initially assert the affirmative defense that Hicks was attempting to sue a non-entity did not serve as a bar from the appellee asserting the affirmative defense in the second filing of this case. Hicks was free to file another complaint in which he could allege any new facts necessary to prove his case, and the appellee was free to assert any defense it deemed relevant to the accusations made by Hicks. We hold that since the prior action was voluntarily dismissed pursuant to Civ. R. 41(A), the trial *Page 7 
court was precluded from considering either parties' prior actions in the instant case "because the parties are left as if no action had been brought." Trial Court Opinion, March 24, 2008, p. 6. Thus, the trial court was correct when it held that the appellee was not barred from raising the non-entity defense in Case No. 2005-CV-4540.
 {¶ 21} Hicks' first assignment of error is overruled.
 IV {¶ 22} Hicks' second assignment of error is as follows:
 {¶ 23} "THE TRIAL COURT ERRED BY NOT FINDING THAT THE ESTATE IS EQUITABLY ESTOPPED FROM ASSERTING [sic] WAS NEVER COMMENCED UNDER CR 3(A) AND IS NOW STALE, OR THAT HICKS SHOULD BE GRANTED REASONABLE TIME TO SUBSTITUTE THE REAL PARTY IN INTEREST."
 {¶ 24} In his second assignment, Hicks contends that the trial court erred when it refused to equitably extend the time in which he had to identify and serve the "real party in interest" in this matter. Essentially, Hicks asks us to ignore the fact that the onus was on him to force the creation of an estate for Mulvaney so that he could serve the appellee and properly commence the instant action within one year of the initial filing of the complaint in Case No. 2005-CV-4540. Additionally, Hicks argues that the appellee is equitably estopped from asserting a lack of jurisdiction in light of the actions it took in Case No. 2004-CV-3433. In particular, Hicks asserts that his reliance on certain representations made by the appellee in the initial filing of this matter prevented it from asserting that Hicks was attempting to sue a non-entity in the Estate's answer in Case No. 2005-CV-4540.
 {¶ 25} "A civil action is commenced by filing a complaint with the court, if service is *Page 8 
obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ. R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)." Weathers v. Carter (April 20, 2001), Montgomery App. No. 18598.
 {¶ 26} It is a generally accepted principle that a decedent may not be a party to an action. See Baker v. McKnight (1983), 4 Ohio St.3d 125,127, 447 N.E.2d 104. A party must actually or legally exist to be a party to a legal action. Id. at 127. If the estate does not exist when the complaint is filed, the plaintiff has one year from filing the complaint to force the establishment of an estate. Sorrell v. Estate ofDatko (2001), 147 Ohio App.3d 319, 770 N.E.2d 608. Moreover, the one-year term mentioned in Civ. R. 3(A) is absolute and not subject to extension by the trial court. Turner v. Duncan, Montgomery App. No. 20208, 2004-Ohio-6790.
 {¶ 27} Neither party disputes that an estate was never created for Mulvaney after he passed away. The appellee was, therefore, not a legal entity. Hicks had the affirmative duty to file his complaint against the proper party and perfect service on that party. Hicks was put on notice that the appellee was a non-entity when it filed its answer in Case No. 2005-CV-4540 in which it specifically asserted that it did not legally exist. Thus, it fell upon Hicks to verify the existence or non-existence of Mulvaney's estate. "If he found no estate to exist, he should have forced the creation of an estate, so that he could properly serve the personal representative." Whitt v. Hayes, Scioto App. No. 02CA2856, 2003-Ohio-2337. Hicks failed to force the creation of Mulvaney's estate within one year provided by Civ. R. 3(A), and the appellee was, therefore, entitled to summary judgment with respect to Hicks' claims. *Page 9 
 {¶ 28} With respect to Hicks' claim that the appellee was equitably estopped from asserting a lack of jurisdiction in light of the actions it took in Case No. 2004-CV-3433, we find no merit to his argument in light of our disposition of his first assignment of error. Specifically, because Hicks voluntarily dismissed his first complaint, the action is treated as though it had never been commenced, and we, as well as the trial court, are precluded from considering either parties' actions in Case No. 2004-CV-3433. More importantly, however, Hicks was put on notice that the party he was attempting to commence an action against did not legally exist when the appellee asserted the non-entity defense in its answer filed in Case No. 2005-CV-4540. From that point on, Hicks had an affirmative duty to file his complaint against the proper party and perfect service on that party. To that end, Hicks was required to force the creation of an estate for Mulvaney so that he could properly serve the newly created estate with the complaint, thereby commencing the action within one year as required by Civ. R. 3(A). Inexplicably, Hicks' counsel did not pursue that course of action within the mandated time period, and the trial court correctly held that the appellee was entitled to summary judgment.
 {¶ 29} Hicks' second assignment of error is overruled.
 V {¶ 30} Hicks' third and final assignment of error is as follows:
 {¶ 31} "THE TRIAL COURT ERRED BY NOT RULING THAT HICKS' LIABILITY CLAIM IS ESTABLISHED AT LAW."
 {¶ 32} In his third and final assignment, Hicks contends that the trial court erred by overruling his motion for summary judgment because Mulvaney's violation of the "failure to yield the right of way" provision of R.C. § 4511.21(A) constituted negligence per se. Thus, *Page 10 
Hicks' argues that it was error for the trial court to fail to find Mulvaney liable at law for his negligence.
 {¶ 33} In our analyses of Hicks' previous two assignments of error, we agreed with the trial court and held that the appellee was entitled to dismissal of the claims against it. Our reasoning is based upon Hicks' failure to force the creation of Mulvaney's estate so that he could properly serve the newly created estate with a complaint, thereby commencing the action within one year as required by Civ. R. 3(A). As stated previously, the appellee is not a legal entity because Hicks did not take the proper steps to commence the action against the appellee, and any judgment rendered against it would be void. Hicks cannot be entitled to judgment against a non-entity. Thus, the trial court did not err when it denied Hicks' motion for summary judgment on the issue of the appellee's liability for Hicks' injuries.
 {¶ 34} Hicks' third and final assignment of error is overruled.
 VI {¶ 35} All of Hicks' assignments of error having been overruled, the judgment of the trial court which sustained the appellee's motion for summary judgment is affirmed.
BROGAN, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] This matter was captioned Case No. 2005-CV-4540, and is the case from which the instant appeal arises. *Page 1