OPINION
{¶ 1} Appellant Sean H. Harmon, Administrator for the Estate of Mary L. Nicodemus, appeals a decision of the Clark County Court of Common Pleas, General Division, in which the *Page 2 
court ordered the forfeiture of a parcel of land allegedly owned by Mary Nicodemus and her husband, Robert Nicodemus. The property in question, located at 10917 Gerlaugh Road in Clark County, Ohio, was initially foreclosed upon in a judgment entry filed on March 20, 2007. The property, however, failed to sell at auction, and the trial court ordered the property to be forfeited to the state of Ohio in an entry filed on June 4, 2007. Appellant filed notice of appeal with this Court on November 7, 2007. We accepted review of the instant appeal in an entry filed on March 26, 2008.
 I {¶ 2} The instant action began on March 20, 2006, when a complaint sounding in foreclosure was filed by the plaintiff-appellee Clark County Treasurer against several defendants, including Mary Nicodemus, regarding the property located at 10917 Gerlaugh Road in Clark County, Ohio. At the time the complaint was filed, appellant asserts that Mary Nicodemus was already deceased, and the record establishes that service of the complaint was never perfected on the appellant. Further, the complaint failed to name the Estate of Mary Nicodemus as a defendant. Thus, neither Mary Nicodemus, individually, nor her estate filed an answer to the complaint.
 {¶ 3} On March 16, 2007, the appellee filed a motion for default judgment against Robert and Mary Nicodemus. The trial court sustained appellee's motion approximately four days later on March 20, 2007. In that judgment entry, the trial court specifically held "that Plaintiff be awarded Judgment against Defendant land parcel owners, Robert Nicodemus, and Mary Nicodemus, in the sum $78,798.13, plus the sum of $728.00 for court costs and publishing costs herein currently expended, together with any other publishing costs, court costs, taxes, *Page 3 
assessments, charges, interest, and penalties due and owing at the time of the transfer/delivery of the deed of the parcel to the purchaser after Sheriffs sale." On April 23, 2007, appellee filed a notice which set the date for the property in question to be sold at a sheriffs sale on May 4, 2007.
 {¶ 4} Appellant filed a motion to substitute on May 16, 2007, in which the administrator of appellant's estate attempted to substitute the estate for Mary Nicodemus in her individual capacity. The record establishes that the trial court, however, failed to rule on the motion to substitute after it was filed. Thus, the trial court impliedly denied the motion. After the sheriffs sale yielded no bids on the foreclosed property, the appellee filed a motion for forfeiture on June 1, 2007. The trial court sustained the motion and ordered the forfeiture of the property in an entry filed June 4, 2007.
 II {¶ 5} Appellant asserts three assignments of error. Because said assignments are interrelated, they will be discussed together as follows:
 {¶ 6} "THE TRIAL COURT ERRED BY IMPLICITLY DENYING THE MAY 16, 2007, CIV. R. 21 MOTION TO SUBSTITUTE SEAN H. HARMON, ADMINISTRATOR OF THE ESTATE OF MARY L. NICODEMUS, DECEASED, FOR DEFENDANT MARY L. NICODEMUS."
 {¶ 7} In his first assignment, appellant contends that the trial court abused its discretion by implicitly denying the motion to substitute the estate as the proper party for the decedent.
 {¶ 8} "A proceeding to foreclose a tax lien * * * is essentially one in rem and not in personam; it operates on the land itself and not on the title of the one in whose name the *Page 4 
property is listed for taxation." Long v. Long, Trumbull App. No. 2007-T-0047, 2007-Ohio-5909, citing Hunter v. Grier (1962),173 Ohio St. 158, 161, 180 N.E.2d 603. "This is because `a proceeding to foreclose a tax lien on property materializes only when the nonpayment of taxes has extended over a period of years.'" Id. "Since such proceedings `are not * * * proceedings against parties,' but rather `have regard to the land itself[,] * * * [any time] the owners are named in the proceedings and personal notice is provided * * * [it is done] rather from tenderness to their interests * * * than from any necessity * * *.'" Id.
 {¶ 9} Under Civ. R. 17(A), however, a real party in interest "is one who is directly benefitted or injured by the outcome of the case rather than one merely having an interest in the case itself." State ex relBotkins v. Laws (1994), 69 Ohio St.3d 383, 387, 632 N.E.2d 897,1994-Ohio-518. Because Mary Nicodemus is deceased, then the Estate of Mary Nicodemus is the real party in interest in the instant matter, not Mary Nicodemus in her individual capacity.
 {¶ 10} In Hicks v. Estate of Jerald L. Mulvaney, Montgomery App. No. 22721, 2008-Ohio-4391, we recently stated the following:
 {¶ 11} "It is a generally accepted principle that a decedent may not be a party to an action. See Baker v. McKnight (1983), 4 Ohio St.3d 125,127, 447 N.E.2d 104. A party must actually or legally exist to be a party to a legal action. Id. at 127."
 {¶ 12} Appellant argues that post-default motion to substitute was eventually "intended to facilitate filing of a Civ. R. 55(B) motion to set aside the default judgment." Initially, however, the motion for substitution was filed to provide the trial court and the appellee with notice that the real party in interest was the Estate of Mary Nicodemus, rather than Nicodemus, individually. It should be noted that the default judgment granted against Mary Nicodemus in *Page 5 
her individual capacity rendered her, along with her husband, personally liable for $78,798.13, plus the sum of $728.00.
 {¶ 13} In the case at bar, the trial court granted default judgment against Mary Nicodemus in her individual capacity on March 20, 2007. At that time, however, Nicodemus was deceased, and therefore, did not actually or legally exist. Thus, any judgment against Nicodemus in her individual capacity would not be enforceable at law. In light of this fact, the trial court had an obligation to sustain appellant's motion to substitute the Estate of Mary Nicodemus as the real party in interest. The motion to substitute should have been granted so that a proper determination could be made regarding the applicability of the default judgment and subsequent forfeiture to the Estate of Mary Nicodemus in light of the appellee's failure to perfect service on the real party in interest within the time frame outlined in the rules of civil procedure.
 {¶ 14} Appellant's first assignment of error is sustained.
 III {¶ 15} Appellant's second and third assignments of error are as follows:
 {¶ 16} "THE TRIAL COURT ERRED BY GRANTING THE MARCH 16, 2007, MOTION FOR DEFAULT JUDGMENT AND DECREE IN FORECLOSURE.
 {¶ 17} "THE TRIAL COURT ERRED BY GRANTING THE JUNE 1, 2007, MOTION AND CERTIFICATION FOR FORFEITURE OF A PARCEL TO THE STATE OF OHIO."
 {¶ 18} In light of our determination with respect to appellant's first assignment of error, we do not reach the merits of the final two assignments.
 IV *Page 6 {¶ 19} Appellant's first assignment of error having been sustained, this matter is remanded to the trial court for further proceedings consistent with this opinion.
WOLFF, PJ. and FAIN, J., concur.
Copies mailed to:
William D. Hoffman
Sean H. Harmon
Tyler D. Starline
 Hon. Richard J. O'Neill *Page 1