[Cite as *James B. Nutter & Co. v. Phillips*, 2013-Ohio-184.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

JAMES B. NUTTER AND COMPANY :
: Appellate Case No.  25327
Plaintiff-Appellee :
: Trial Court Case No.  2010-CV-9927
v. :
:
LILLIE MAE PHILLIPS, :
DECEASED MAY 17, 2009, et al. : (Civil Appeal from
: Common Pleas Court)
Defendant-Appellant :
:

· · · · · · · · · · ·

O P I N I O N

Rendered on the 25th day of January, 2013.

· · · · · · · · · ·

JASON  A.  WHITACRE, Atty. Reg. #0077330, and ASHLEY E. MUELLER, Atty. Reg.
#0084931, 4500 Courthouse Boulevard, Suite 400, Stow, Ohio 44224
        Attorneys for Plaintiff-Appellee, James B. Nutter and Company

WORRELL A. REID, Atty. Reg. #0059620, 6718 Loop Road, #2, Centerville, Ohio 45459
        Attorney for Defendant-Appellant, Elizabeth Williams

· · · · · · · · · · ·

HALL, J.

{¶ 1}    Elizabeth Williams appeals from the trial court's entry of summary judgment

against her on plaintiff-appellee James B. Nutter and Company's ("Nutter") complaint for

foreclosure on a mortgage.

{¶ 2}     Williams advances two assignments of error on appeal. First, she contends the trial court erred in entering summary judgment despite Nutter's failure to join an indispensable party. Second, she claims the trial court erred in entering summary judgment where Nutter accelerated the debt on a note underlying the mortgage in violation of federal law.

{¶ 3}     The record reflects that Williams's elderly mother, Lillie May Phillips, took a loan secured by a reverse mortgage on her home in 2008. The promissory note and mortgage were executed by Williams, who had power of attorney. The terms provided that the note matured and would be due on Phillips's death. After her death in 2009, a survivorship deed was recorded transferring her interest in the home, upon death, to Williams.

{¶ 4}     Nutter, the owner of the note and mortgage, filed this foreclosure action in December 2010. Named as defendants were Williams, decedent Lillie May Phillips, and others with a potential interest in the real estate. Williams filed counterclaims and moved to dismiss for failure to join a representative of Phillips's estate as a party. Nutter moved for summary judgment. The trial court denied the motion to dismiss, finding that the estate was an unnecessary party because Williams owned the home. The trial court also dismissed the counterclaims and entered summary judgment for Nutter. This appeal followed.

{¶ 5}     In her first assignment of error, Williams contends Nutter's own sworn statements establish its failure to join an indispensable party, to wit: a personal representative of Phillips's estate. Upon review, we find no merit in Williams's argument. "A reverse mortgage is a loan available to a person over the age of 62 who has equity in real property, typically the borrower's home." *Kirshner v. Fannie Mae*, __ Ohio App.3d __, 2012-Ohio-286, 969 N.E.2d 340, ¶20 (6th Dist.). "The loan provides a lump sum or multiple payments and is

secured by the equity in the real property. The loan must be repaid when the borrower sells the home or no longer lives in the home as a principal residence. Default on the note is also triggered by the death of the borrower." (Citation omitted.). *Id.*

{¶ 6} In *Chaco Credit Union, Inc. v. Perry*, 12th Dist. Butler No. CA2011-05-089, 2012-Ohio-1123, the Twelfth District Court of Appeals recently rejected an argument nearly identical to the one Williams advances. In that case, a woman named Mary Ellen Perry executed a promissory note secured by a mortgage on her home. Perry's daughter, Tonya Payne, signed the documents as power of attorney. Perry passed away three years later, but Payne continued making the loan payments. Upon discovering Perry's death, the lender stopped accepting the payments and filed a foreclosure complaint, naming Payne and others as defendants. The complaint did not name the decedent's estate as a party. Payne sought dismissal based on the failure to make Perry's estate a party, and the lender moved for summary judgment. The trial court held that the estate was not required to be a party and entered summary judgment for the lender. On appeal, the Twelfth District agreed. It reasoned:

> In her first assignment of error, Payne claims the trial court erred by denying her motion to dismiss. In support of this claim, Payne argues that "the suit sub judice is a nullity and must be vacated" since the suit was brought against her deceased mother as opposed to her mother's unopened estate. In essence, Payne argues that Chaco Credit Union was required to file suit against Perry's estate, something that has not been opened following her death, as a necessary party in this foreclosure action. We disagree.

> It is a generally accepted principle that a decedent may not be a party to

an action. *Hicks v. Estate of Mulvaney*, 2nd Dist. No. 22721, 2008-Ohio-4391, ¶ 26, citing *Baker v. McKnight*, 4 Ohio St.3d 125, 127, 447 N.E.2d 104 (1983). However, contrary to Payne's claim alleging Perry's unopened estate was a necessary party, "a mortgagee is not required to make a deceased mortgagor's estate a party unless it seeks to hold the estate liable for the debt." *Ohio Sav. Bank v. Virden*, 9th Dist. App. No. 17885, 1997 WL 89222, *2 (Feb. 26, 1997), citing *McMahon v. Davis*, 10 Ohio C.D. 467, 1899 WL 698, *3 (1899). In other words, "[i]t is only when the mortgagee seeks a money judgment that the estate must be made a party to the action." *CitiMortgage, Inc. v. Bumphus*, 6th Dist. No. E-10-066, 2011-Ohio-4858, ¶25.

In this case, Chaco Credit Union was not seeking to hold Perry or her unopened estate liable for the debt. In turn, the only necessary parties to the foreclosure action were Perry's "heirs, devisees, grantees, or assignee[s], for these are the only persons interested in the equity that is to be foreclosed." *See Ohio Sav. Bank*, 1997 WL 89222 at *2; *see also CitiMortgage, Inc.*, 2011-Ohio-4858 at ¶26-27; *Rinehart v. Wilkes*, 10th Dist. No. 84AP-952, 1985 WL 10297, *2 (May 23, 1985). As a result, because Payne, Perry's daughter, as well as any unknown heirs, devisees, grantees, and assignees were named defendants in the complaint, we agree with the trial court's decision finding Chaco Credit Union "named the appropriate parties to this foreclosure action and may proceed accordingly." * * *.

*Id.* at ¶12-13.

**{¶ 7}** We are persuaded by the Twelfth District's decision, which was not cited by either party despite having been filed more than six months before briefing in this case. Nutter was not required to name Phillips's estate as a party because the estate had no interest in the foreclosure action. The estate did not own Phillips's former home, which was transferred to Elizabeth Williams by survivorship and Nutter did not seek to hold the estate liable for the debt under the note.[1] In fact, the mortgage document explicitly precludes Nutter from doing so. It provides: "Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed." (Doc. #1, Exh. C, ¶10). Because Nutter's complaint sought only to foreclose on real estate and Phillips's estate had no interest in the property, the trial court correctly found no reason to join the estate as a party.

**{¶ 8}** In addition to her assigned error regarding failure to join the estate, Williams briefly complains that, in light of Phillips's death, a "notice of intent to foreclose" was not properly served on the borrower, as allegedly required by Paragraph 9 of the loan note. (Appellant's brief at 2). Paragraph 9 provides that *any notice that must be given to Borrower under this Note* will be given by delivering it or by mailing it by first class mail to Borrower at [Borrower's address]." (Emphasis added). A short answer to Williams's argument is that any required "notice of intent to foreclose" would not be a notice required under the note, which

---

[1] In her appellate brief, Williams suggests that count one of the complaint "sought a personal judgment against Lillie Mae Phillips[.]" We disagree. Count one alleged that Phillips had borrowed money, that she had died, and that the debt was immediately due and payable. Count two alleged that Phillips's indebtedness was secured by a mortgage and alleged a right to foreclose on the mortgage. The prayer for relief requested sale of the real estate and an award of the proceeds to Nutter in the amount owed to it.

pertained to the loan rather than the real estate securing it.

{¶ 9}   A "notice of intent to foreclose" would be a notice required under the mortgage document. Here the mortgage document obligated the lender to give the borrower notice if the debt secured by the mortgage became "due and payable" for certain specified reasons and to give the borrower an opportunity to take corrective action after receiving such notice. (Doc. #1, Exh. C, at numbered paragraph 9). Specifically, the mortgage document provides at Paragraph 9(d): "Lender shall notify * * * Borrower whenever the loan becomes due and payable *under this Paragraph 9(a)(ii) and (b)*. Lender shall not have the right to commence foreclosure *until Borrower has had thirty (30) days after notice* to [remedy the problem in various ways]." (Emphasis added).

{¶ 10}   Significantly, Paragraph 9(d) does not require notice to "the Borrower" or a thirty-day cure period if the loan became due and payable pursuant to Paragraph 9(a)(i), which applies when "[a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower[.]" Paragraph 9(a)(i) applied in Phillips's case because the debt became due and payable as a result of her death, and she was a widow and the sole borrower. We find it eminently reasonable for a mortgage document not to require notice to a deceased borrower that her death has caused the debt under a note to become immediately due and payable. Moreover, the record reflects that Nutter did send a notice of intent to foreclose to Phillips's address. The notice was addressed to the "Heirs/Estate of Lillie M. Phillips." (Doc. #78 at Exh. D). Finally, for purposes of the foreclosure action, we reiterate that there was no reason to give Phillips's estate notice or to join the estate as a party because the estate had no interest in the foreclosure action.   The first assignment of error is overruled.

**{¶ 11}** In her second assignment of error, Williams contends the trial court erred in entering summary judgment where acceleration of the debt on the note underlying the mortgage violated federal law.

**{¶ 12}** Williams relies on 12 U.S.C. 1701j-3, which limits a lender's exercise of its options pursuant to a "due-on-sale clause" in a security instrument. The legislation provides that "the term 'due-on-sale clause' means a contract provision which authorizes a lender, at its option, to declare due and payable sums secured by the lender's security instrument if all or any part of the property, or an interest therein, securing the real property loan is sold or transferred without the lender's prior written consent."

**{¶ 13}** Assuming, arguendo, that 12 U.S.C. 1701j-3 otherwise might be applicable here, an implementing regulation, 12 C.F.R. 591.5(b)(1), exempts reverse mortgages from the statutory limitation on a lender's exercise of its options under a due-on-sale clause. The federal regulation authorizes a reverse-mortgage lender to exercise its options pursuant to such a clause under various circumstances, including "[a] transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety[.]" Here Phillips had executed a deed conveying the subject real estate to herself and Williams as joint tenants with a right of survivorship. In light of this deed, which was filed shortly after Phillips's death, the reverse mortgage was exempt from the federal limitations on a lender's exercise of its options under a due-on-sale clause. This includes acceleration of the debt owed on the underlying note. The second assignment of error is overruled.

**{¶ 14}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.


Copies mailed to:

Jason Whitacre
Ashley E. Mueller
Worrell A. Reid
Douglas Trout
Patrick Quinn
Hon. Gregory F. Singer