BAKER ET AL., APPELLANTS, *v.* MCKNIGHT, APPELLEE.

[Cite as Baker *v.* McKnight (1983), 4 Ohio St. 3d 125.]

(No. 82-394—Decided April 13, 1983.)

O'Brien & Bauer Co., L.P.A., and Mr. Bernard K. Bauer, for appellants.
Messrs. Shuster, Graves & Kohli and Mr. Gene W. Graves, for appellee.

SWEENEY, J. The instant cause affords us the opportunity to reconsider our decision in the Barnhart case, supra. The issue in Barnhart, which we decided in the negative, was whether a complaint in negligence which designated as a sole defendant one who died after the cause of action accrued but before the complaint was filed had met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ. R. 3(A), so that such complaint could be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired when the service on the administrator was obtained within the one-year, post-filing period provided for in Civ. R. 3(A). Id. at 63-64. We have determined, however, upon studied reflection and in light of lower court experience with Barnhart,[1] that we erred in Barnhart in opting for a technically precise rule of law that ignores the practical realities of modern personal injury practice, and hereby overrule Barnhart.

In Barnhart we held as follows in the syllabus:

"1. A timely complaint in negligence which designates as a sole defendant one who died after the cause of action accrued but before the complaint

---

[1] The courts of appeals have struggled with Barnhart. See, e.g., Mitchell v. Price (Dec. 26, 1978), Muskingum App. No. CA-79-20, unreported (equitable estoppel asserted against insurer to avoid Barnhart); Gentile v. Carr (Jefferson App. 1981), 4 Ohio App. 3d 55 (attempt to distinguish Barnhart).

was filed has neither met the requirements of the applicable statute of limitations nor commenced an action pursuant to Civ. R. 3(A).

"2. A timely complaint in negligence which designates as a sole defendant one who died after the cause of action accrued but before the complaint was filed may not be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, even though service on the administrator is obtained within the one-year, post-filing period provided for in Civ. R. 3(A)."

Our holding in *Barnhart* was predicated on accepted common-law principles regarding deceased defendants and our reading of Civ. R. 3(A) with reference to these principles. With respect to deceased defendants, we stated at pages 60-62:

"It is established law in Ohio that the statute of limitations is not tolled by the death of a defendant if the cause of action has accrued prior to that death. *Wrinkle* v. *Trabert* (1963), 174 Ohio St. 233, 236 [22 O.O.2d 248]; *Granger's Admr.* v. *Granger* (1833), 6 Ohio 35; *Bartlow* v. *Kinnard* (1882), 38 Ohio St. 373. Since, in the instant cause, the only complaint filed before the deadline imposed by the statute of limitations named as defendant an individual who had died after the cause of action had accrued, the statute of limitations was not tolled by the defendant's death, and appellee will be barred from seeking relief unless that complaint served to commence plaintiffs' action.

"It is accepted law that an action may only be brought against a party who actually or legally exists and has the capacity to be sued. (See *Cobble* v. *Farmers' Bank* [1900], 63 Ohio St. 528, supporting this general principle.) Because a party must actually or legally exist 'one deceased cannot be a party to an action' (*Brickley* v. *Neuling* [1950], 256 Wisc. 334, 336, 41 N.W. 2d 284, 285), and a suit brought against a dead person is a nullity (*Brickley, supra; Chandler* v. *Dunlop* [1942], 311 Mass. 1, 5, 39 N.E. 2d 969, 973; *Thompson* v. *Peck* [1935], 320 Pa. 27, 30, 181 A. 597, 598; Annotation, 8 A.L.R. 2d 6, 118). Since the only complaint filed by plaintiffs within two years after the accident designated as a sole defendant one who was dead when the complaint was filed, plaintiffs did not commence their action within the period provided for in the statute of limitations.
"* * *

"Although Civ. R. 15(C) provides for the relation back of amendments to an original complaint, the rule cannot be applied in the instant cause because there was no complaint against an existing party for the amended complaint to relate back to. The general rule is that 'where an action is brought against a defendant who is dead * * * the complaint may not be amended, after the period of the statute of limitations has expired, so as to bring in a defendant having the capacity to be sued.' Annotation, 8 A.L.R. 2d 6, *supra,* at page 118. The reason for such a rule is self-evident. There can be no amendment 'when there is nothing to amend.' *Thompson* v. *Peck, supra,* at page 598."

Applying the aforementioned "nullity" theory to Civ. R. 3(A), we concluded, at page 63, in *Barnhart* that:

"Civ. R. 3(A) provides that '[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing.'

"Civ. R. 3(A) imposes two requirements. The first is that the action be brought by filing a complaint within the applicable statute of limitations. The second is that service be obtained within one year after the complaint has been filed. The fact that Civ. R. 3(A) does not grant an option to commence an action either by filing within the statute of limitations or by filing and serving within the post-filing service period is clear from the language of the rule, which provides for commencement of an action 'by filing * * * *if* service is obtained.' (Emphasis added.) See, also, staff note to Civ. R. 3(A)."

While *Barnhart* still represents the majority rule nationally, see cases cited *supra*, at page 127, there is some authority to support the relation back to the original filing date notwithstanding the fact that the sole named defendant was dead when the complaint was filed. In *Loudenslager* v. *Teeple* (C.A. 3, 1972), 466 F. 2d 249, the court permitted amendment of a complaint filed against a deceased defendant to relate back to the original filing date.[2] The federal circuit court stated, at page 250, that "* * * the clear terms of Rule 15(c) were complied with in the instant case. The personal representative sought to be brought in had notice and will not be prejudiced. The mistake in identity was obvious and apparent. * * *" More recently, in *Eberbach* v. *McNabney* (Ind. App. 1980), 413 N.E. 2d 958, the court allowed the substitution of the deceased defendant's administrator after the statute of limitations had run to relate back to the initial filing date. The court, at page 960, acknowledged the "nullity" theory (citing *Barnhart* among others), but rejected this approach and instead characterized the case as follows at page 962:

"The situation before this court may be categorized as a misnomer of party. Essentially the plaintiff has sued an entity, Hanson Castor, by the wrong name. Though Castor is dead, his legal existence is not extinguished, but shifted to the special administrator of his estate in existence at the date of the original complaint. The special administrator stands in the shoes of the decedent in defending against liability for his alleged torts."[3]

The misnomer theory as enunciated in *Loudenslager* and *Eberbach* has

---

[2] The circuit court based its decision on federal law after determining that the doctrine of *Erie RR. Co.* v. *Tompkins* (1938), 304 U.S. 64 [11 O.O. 246], did not require it to adopt Pennsylvania's *Barnhart*-type rule.

[3] Cf. *Barnhart* v. *Schultz* (Jan. 26, 1977), Hamilton App. No. C-75377, unreported, reversed (1978), 53 Ohio St. 2d 59 [7 O.O.3d 142], where the court stated as follows:

"The original complaint in this case, in our opinion, did not name the *wrong party* as a defendant. Rather, the correct party was designated, but the designation amounted to a *misnomer* in light of the fact that the named defendant was then deceased. The eventual substitution of the fiduciary of the alleged tortfeasor's estate was not a new cause of action and did not involve an entire change in any of the parties. On the contrary, the amendment simply substituted the legal successor of the decedent." (Emphasis *sic.*).

much to commend itself in cases where the real party in interest, the deceased defendant's insurer, has timely notice of the claim prior to the expiration of the statute of limitations, and no prejudice inures to the new, nominal defendant, the personal representative of the deceased defendant. In *Hardesty* v. *Cabotage* (1982), 1 Ohio St. 3d 114, which involved a misnamed defendant, we permitted amendment after the statute of limitations had run, stating, at page 117, that "'* * * [i]t is clear that appellant hospital did receive notice of the action prior to the tolling of the statute of limitations, * * * and it will not be prejudiced in maintaining a defense on the merits.
"'* * *

"Such a result comports with the purpose of the Civil Rules. 'The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies.' *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 175 [63 O.O. 2d 262, 269]. Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not ' "a game of skill in which one misstep by counsel may be decisive to the outcome * * * [rather] the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson,* 355 U.S. 41, 48.' *Forman* v. *Davis* (1962), 371 U.S. 178, 181-182.'"

We find it preferable to overrule *Barnhart* outright than to nibble away for years at the overly technical and unnecessarily severe rule of law announced in that case. Accordingly, we hold that where the requirements of Civ. R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who died after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ. R. 3(A), and the complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ. R. 3(A).

For the reasons hereinbefore stated, the judgment of the court of appeals is reversed.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C. J., MAHONEY, C. BROWN and DAHLING, JJ., concur.

C. BROWN, J., concurs separately.

W. BROWN and HOLMES, JJ., dissent.

MAHONEY, J., of the Ninth Appellate District, sitting for LOCHER, J.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment.

CLIFFORD F. BROWN, J., concurring. I concur in the thorough and forthright opinion of the majority, and write separately only to comment on the perception that our decision today overruling *Barnhart* v. *Schultz* (1978), 53 Ohio St. 2d 59 [7 O.O.3d 142], somehow shakes the stability of Ohio's system of justice.

My views on the value and limits of the doctrine of *stare decisis* have been oft-stated. See, *e.g., Karam* v. *Allstate Ins. Co.* (1982), 70 Ohio St. 2d 227, 235 [24 O.O.3d 327] (concurring in part and dissenting in part); *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20, 27 [22 O.O.3d 152] (concurring); *Cash* v. *Cincinnati* (1981), 66 Ohio St. 2d 319, 330 [20 O.O.3d 300] (concurring). Rather than bemoaning the changes which occur in the law and which renew its vitality we should welcome the honest decision reached today. *Barnhart* was bad law when decided and must be overruled.

It takes more courage to admit a mistake than to stick our heads in the sand of *stare decisis* and adhere to a holding which perpetuates a recognized injustice. I am convinced that our action today is a boon to the bench, bar and people of Ohio because the interests of justice prevailed over a past precedent supported only by the inertia of *stare decisis*.

WILLIAM B. BROWN, J., dissenting. The present case, as the majority candidly concedes, is legally indistinguishable from *Barnhart* v. *Schultz* (1978), 53 Ohio St. 2d 59 [7 O.O.3d 142] (a unanimous decision, you will note!), and thus I find the rule of *Barnhart* to be controlling. Based on the reasoning set forth in *Barnhart,* I would hold that the complaint herein filed against John McKnight II was a "nullity" and hence "there was no complaint against an existing party * * * to relate back to."

I feel constrained to write further, however, to express my concern over the approach taken by the majority in resolving this case. In addressing the procedural issues presented, the majority makes what I believe to be an unnecessary assault on the doctrine of *stare decisis*. The ramifications of such an approach for the practicing bar should not go unnoticed.

While I have previously recognized and discussed the fundamental nature and importance of *stare decisis,* I have also stated that "[t]he doctrine of *stare decisis* must not be so narrowly pursued that the body of common law is forever encased in a straightjacket." *Bonkowsky* v. *Bonkowsky* (1982), 69 Ohio St. 2d 152, 162 [23 O.O.3d 188] (William B. Brown, J., dissenting). See, also, *Thacker* v. *Bd. of Trustees of Ohio State Univ.* (1973), 35 Ohio St. 2d 49, 70-71 [64 O.O.2d 28] (William B. Brown, J., dissenting).

In the instant case, however, this court is not presented with issues relating to a rule of law that developed out of the social and moral fabric of a remote generation. Rather, this court is presented with issues relating to a rule of procedure that was adopted to promote the orderly progression of cases through the system of justice.

Nor is this court being asked to address a question of public policy, where blind adherence to precedent would result in Ohio law marching in a lockstep

toward the judicial philosophy of the Victorian era. Rather, this court is being asked to make a technical interpretation of a mechanical procedural rule, where adherence to precedent but with a view toward the future will result in Ohio procedural law appropriately serving as a road map for bench and bar alike.

The purpose of the Ohio Rules of Civil Procedure, as this court has acknowledged on numerous occasions, is to give guidance to the practicing bar and to promote the efficient administration of justice. This purpose will be severely undermined if this court re-interprets and re-defines a particular rule of procedure periodically. Lawyers must be able to see, know, and rely on this court's interpretation of rules of procedure as stated in case law if cases are to proceed through the judicial system with any dispatch. The law, as it relates to mechanical rules of procedure, must not become a mere football of successively changing personnel of the court.

If time and experience have shown that the pertinent rules of procedure, as interpreted in *Barnhart,* are "overly technical and unnecessarily severe" as the majority so contends, then this court should use its rule-making power and amend the rules at issue. Amendment to a rule is indeed preferable to reinterpretation of the rule, for it avoids any disruption of precedential value as a meaningful guide for the practicing bar.

HOLMES, J., concurring in the dissent. I concur in this dissent, and particularly in respect to the commentary of Justice William B. Brown concerning the necessity of the highest court in the state to give reasonable credence to the legal principle of *stare decisis.* Such commentary is not only applicable to prior court interpretations of rules of procedure, but equally applicable to prior, but recent, determinations of the court concerning legislative enactments. The criteria should be that prior decisions of this court are not chiseled in stone, but yet should only be reversed or modified upon review if a sound and reasonable basis for such is presented. A contrary policy, as noted by Justice Brown, does a disservice to Ohio's bench and bar. Here, there is an absence of a sound and reasonable basis to overrule existing Ohio case law on the issue.