## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Chung Cha Volden

v.

Margaret E. Bloch et al.

March 5, 1990

Case No. CL89-1880

By JUDGE H. CALVIN SPAIN

This matter came on to be heard upon a plea of the Statute of Limitations filed by the defendant, Margaret E. Bloch, Executrix of the Estate of Leon Bloch, deceased. Counsel has argued the matter in detail, filed respective briefs, and reargued the matter before the Court.

The facts are not in dispute with respect to the issue of the Statute of Limitations. An accident occurred in Virginia Beach on July 21, 1987. The plaintiff and the deceased, Leon Bloch, were involved in the accident. Leon Bloch died on February 9, 1988, and Margaret E. Bloch qualified as executrix of his estate on February 19, 1988, in the Circuit Court of the City of Virginia Beach.

The plaintiff filed a Motion for Judgment against Leon Bloch, et al., on July 17, 1989. On August 22, 1989, the plaintiff obtained an order permitting an Amended Bill of Complaint to be filed, which said Amended Bill of Complaint was duly filed on August 22, 1989.

The sole, narrow issue is whether the applicable Statute of Limitations with regard to Margaret E. Bloch, Executrix of the Estate of Leon Bloch, deceased, bar any further proceedings by the plaintiff.

The applicable code sections are as follows: Code of Virginia, § 8.01-243:

A. Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.

Code of Virginia, § 8.01-229(B)(2):

*Death of person against whom personal action may be brought.* -- If a person against whom a personal action may be brought dies before the commencement of such action and before the expiration of the limitation period for commencement thereof, then a claim may be filed against the decedent's estate or an action may be commenced against the decedent's personal representative before the expiration of the applicable limitation period or within one year after the qualification of such personal representative, whichever occurs later.

The dates are not in dispute. February 19, 1989, was one year from the date of the qualification of the personal representative. July 21, 1989, was the date two years from the date of the occurrence of the personal injury claim. Based upon the foregoing code sections, July 21, 1989, was the last date upon which an action could be commenced against the personal representative. The action against the personal representative was not commenced until August 22, 1989, after the expiration of the aforementioned time periods. It is true that an earlier action had been filed against the deceased on July 17, 1989, but Leon Bloch died on February 9, 1988.

The controlling law in the State of Virginia is stated in the matter of *Rennolds v. Williams*, 147 Va. 196 (1927). The Court stated at pages 198-200:

A decree or judgment against one who was dead when the suit or action was brought, or a writ of error awarded to a defendant in a judgment against a plaintiff who was dead when the writ was applied for, is a nullity . . . suits must

likewise be defended by living parties. You cannot sue a dead man. The fact that a plaintiff does not know that the defendant is dead at the time he brings his suit is wholly immaterial. The situation remains the same; the defendant was dead at the time the suit was brought.

The Virginia law is directly in conflict with *Baker v. McKnight*, 447 N.E.2d 104 (Ohio, 1983). In that case, with facts similar to the instant situation, the Ohio Supreme Court overruled its previous law and made an exception to its harsh statute of limitations by finding that no prejudice was suffered by the defendant since timely notice of the claim had been given to the insurance carrier, the real party in interest.

In the instant case, the real party in interest is in fact an insurance carrier. It is uncontested that the carrier received timely notice of the claim and had been conversing with plaintiff's counsel, at least by correspondence, prior to the institution of the litigation. *Defendant's* counsel was under no obligation to and did not inform the insurance carrier that Leon Bloch was deceased. Therein lies the problem and the trap into which the plaintiff has fallen!

The Virginia law, as stated in *Rennolds, supra*, is blunt and to the point. While the *Baker* case, *supra*, may be the more enlightened view, where there has been no prejudice to the defense, there can be no reconciliation with the principle established by the Supreme Court of Virginia.

The Court is disturbed to have to enforce the harsh rules set down by the *Rennolds* case. However, the Supreme Court of Virginia has seldom stated more emphatically its position on a rule of law. If that rule of law is to be now reversed or in some way made the subject of an exception, then such must be left to the Supreme Court of Virginia, not the trial court.

Accordingly, the Court accepts the precedent that has been established in the Commonwealth of Virginia and sustains the plea of the Statute of Limitations by Margaret E. Bloch, Executrix of the Estate of Leon Bloch, deceased.