OPINION
This is an appeal from an order of the court of common pleas dismissing an action for personal injuries.
The claim in the action accrued on November 16, 1996, when an auto driven by Kenneth Carter, Jr., rear-ended an auto driven by Paul Weathers. Weathers filed a complaint for personal injuries against Carter on November 14, 1997. However, and unknown to Weathers, Carter was then deceased.
On December 4, 1997, Weathers was notified by the clerk that no service on Carter had been completed. On April 7, 1999, Weathers filed an amended complaint, adding Carter's personal representative as a named Defendant. The personal representative was not served within one year after the amended complaint was filed. On April 6, 2000, Weathers asked the court for an additional sixty days within which to complete service. The court didn't grant the motion, but did appoint a process server. The personal representative had not been served when, on August 31, 2000, the personal representative moved to dismiss Weathers' action on the amended complaint.
The trial court granted the personal representative's motion to dismiss, finding that no suggestion of Kenneth Carter's death had been filed in the action, and that no estate had been filed on behalf of Kenneth Carter, Jr. and no personal representative had been appointed. Weathers filed a timely notice of appeal. He now presents a single assignment of error, which states:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS AS AGAINST ALL PARTIES IN THIS CASE BECAUSE THE ESTATE OF KENNETH CARTER, JR., THE TRUE PARTY IN INTEREST IN THIS ACTION, HAS BEEN SERVED, AND IS ON NOTICE OF THIS LAWSUIT.
Weathers argues on appeal that the trial court erred when it dismissed his complaint because, contrary to the court's finding, which Weathers characterizes as "the basis of the Trial Court's entire decision" (Brief, p. 7), an application to administer Carter's estate had then been filed and an administrator had been appointed. Weathers has attached copies of the documents filed in probate court to his brief on appeal.
It may be that a proceeding to administer a decedent's estate on behalf of Kenneth Carter, Jr., had been commenced and an administrator appointed when the trial court dismissed Weathers' personal injury action. However, the record does not reveal that the court was made aware of that fact. Ordinarily, that is done through a motion filed pursuant to Civ.R. 25, asking the court to substitute the personal representative for a deceased party. Weathers didn't do that, but instead filed an amended complaint pursuant to Civ.R. 15, adding the personal representative as a party. His amended complaint was subject to the provisions of Civ.R. 3(A), which states:
 A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).
The commencement provisions of Civ.R. 3(A) correspond to the requirements of R.C. Chapter 2305, which prescribes the period during which an action must be brought after the claim for relief has "accrued." Actions on personal injury claims must be brought within two years after the claim accrued. R.C. 2305.10. An action brought thereafter is barred. R.C. 2305.03. Weathers was required to commence his action for personal injuries within two years, after November 16, 1996, the date of the accident.
Weathers filed his original complaint against Carter on November 14, 1997. However, because the named defendant was then deceased and could not be served, the action against Carter could not be "commenced" in the manner that Civ.R. 3(A) prescribes. Civ.R. 15(A) permitted Weathers to file his amended complaint to name Carter's personal representative as a party defendant. Per Civ.R. 15(C), the amended complaint relates back to the date the original complaint was filed, preserving the right of action even though the amended complaint was filed after the limitations period had expired. Nevertheless, in that circumstance the amended complaint must be served on the personal representative within one year after the original complaint was filed. Baker v. McKnight (1983), 4 Ohio St.3d 125.
Here, and contrary to the situation in Baker, supra, the amended complaint was not served on the personal representative within one year after the original complaint was filed, which was on November 14, 1997. Instead, it appears that the administrator was served sometime in September, 2000. Therefore, the action as to the administrator never "commenced," and it was subject to dismissal because it was barred by R.C. 2305.03.
Weathers argues that, nevertheless, the court should not have dismissed his action because the court, at Weathers' request, had extended the time during which service on the administrator could be completed. The court didn't grant that request, but only appointed a process server, probably intending to provoke a motion to dismiss filed by the administrator after he was served. The administrator filed the motion before he was served, after he'd been involuntarily appointed by the probate court at Weathers' request. The court didn't grant the motion, however, until after the administrator was served. In any event, the court was without authority to extend the one year period which Civ.R. 3(A) prescribes, either by its own terms or pursuant to Civ.R. 6(B). Fetterolf v. Hoffman-LaRoche, Inc. (1995), 104 Ohio App.3d 272. Neither is such an extension created or allowed by the "relation back" provisions of Civ.R. 15(C), which Weathers attempted to use for that purpose. Enterprise Group Planning, Inc. v. State Farm Ins. Cos. (Oct. 22, 1999), Trumbull App. No. 98-T-0077, unreported.
We conclude that the trial court did not err when it dismissed Weathers' personal injury action against the administrator, for the reasons stated above. Those reasons may be different from those on which the trial court based its decision, though the same principles of law are involved in both. In any event, an appellate court may decide an issue on grounds different from those determined by the trial court, if the evidentiary basis upon which the appellate court decides the legal issue was adduced before the trial court and made a part of the record thereof. State v. Peagler (1996), 76 Ohio St.3d 496. That standard is fully satisfied here.
Finally, Weathers' assignment of error also complains that the court should not have dismissed the action as to the decedent, who remained a named defendant, or as to the administrator personally, who was added as a named defendant in the amended complaint. R.C. 2503.03 likewise bars an action against the administrator personally. Weathers' claim against the decedent individually does not survive his death, but must be transferred to his personal representative by substitution, pursuant to Civ.R. 25, or by proper amendment of the complaint to add him as a party defendant. Neither occurred here. In view of Weathers' admission that Carter is deceased, the court properly dismissed the action brought against him.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.