[Cite as *Saber Health Care v. Ohio Dept. of Job & Family Servs.*, 2020-Ohio-4044.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

SABER HEALTH CARE d/b/a
  EAGLE CREEK,                      :

      Appellants-Appellants,      :    Case No. 20CA1107

      vs.                          :

OHIO DEPARTMENT OF JOB AND    :
  FAMILY SERVICES,

                         :    DECISION AND JUDGMENT ENTRY

      Appellee-Appellee.                                  :

APPEARANCES:

Nicholas A. Kulik, Harrisburg, Pennsylvania, for appellant.

Dave Yost, Attorney General, and Rebecca L. Thomas, Assistant Attorney General, Columbus, Ohio, for appellee.

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 8-4-20
ABELE, J.

{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment that dismissed an appeal from a decision of the Ohio Department of Job and Family Services (ODJFS), appellee herein, that denied the now-deceased Thomas Adams's Medicaid application. Saber Health Care d/b/a Eagle Creek, appellant herein, assigns the following error for review:

> "THE COURT OF COMMON PLEAS ERRED IN AFFIRMING
> THE APPELLEE'S DECISION BECAUSE PURSUANT TO R.C.
> 119.12, SABER HAS STANDING TO BRING FORTH THEIR
> APPEAL WHEN THEY ARE A PARTY THAT HAS BEEN
> ADVERSELY AFFECTED BY THE ADMINISTRATIVE

ADJUDICATION OF APPLICANT'S MEDICAID DECISION."

{¶ 2} In August 2018, Adams, through his guardian, designated Eagle Creek Nursing Center as his authorized representative. Shortly thereafter, Adams applied for medicaid. On October 18, 2018, Adams died.

{¶ 3} In February 2019, appellee denied Adams's application for Medicaid. Appellant, as Adams's authorized representative, requested a state hearing on the denial of his Medicaid application. After a hearing, Adams's application for Medicaid again was denied. Appellant, again acting as Adams's authorized representative, appealed the decision. Appellee later affirmed this decision. On June 6, 2019, Adams (although deceased for more than seven months) appealed to the Adams County Common Pleas Court[1] the administrative decision that denied his medicaid application.

{¶ 4} Later, Adams voluntarily dismissed his administrative appeal. The notice of dismissal stated that "a new notice of appeal will be filed when a proper representative, such as an estate administrator, has been appointed to bring such appeal on behalf of the late Mr. Adams." In October 2019, Jared B. Chamberlain filed a request in the Adams County Probate Court to be appointed the special administrator of Adams's estate.

{¶ 5} Approximately one month later, appellant and Jared B. Chamberlain filed a notice of appeal from the administrative decision that denied Adams's Medicaid application. Appellant and Chamberlain alleged that they brought their appeal under R.C. 5101.35(E)(3) and

---

[1] We observe that "[b]ecause a party must actually or legally exist 'one deceased cannot be a party to an action.'" *Baker v. McKnight*, 4 Ohio St.3d 125, 127, 447 N.E.2d 104 (1983), quoting *Brickley v. Neuling*, 256 Wisc. 334, 336, 41 N.W.2d 284 (1950).

claimed that this statute permits an appeal when a proper representative has been appointed to bring an appeal on a decedent's behalf. Appellant alleged that it had standing to appeal the administrative order because the order injures its pecuniary interests. Chamberlain asserted that he had standing to pursue the appeal as the estate administrator-in-waiting. Chamberlain alleged that once the probate court appointed him the special administrator, he will have standing to appeal.

{¶ 6} On November 20, 2019, appellee filed a motion to dismiss the administrative appeal for lack of jurisdiction. Appellee claimed that neither appellant nor Chamberlain had standing to appeal when neither had been appointed to administer Adams's estate at the time the notice of appeal had been filed.

{¶ 7} Appellant responded and claimed that it had standing as Adams's authorized representative. Appellant asserted that Adams's guardian, Thomas Grennan, designated appellant to act as Adams's authorized representative to pursue Medicaid benefits.

{¶ 8} Appellee responded, however, that even if appellant had been designated Adams's authorized representative while living, that does not mean that appellant could represent Adams's interest in an administrative appeal following Adams's death. Instead, appellee claimed that after Adams died, only a personal representative could represent Adams's interest on appeal.

{¶ 9} On December 2, 2019, the Adams County Probate Court appointed Chamberlain the special administrator of Adams's estate. On December 18, 2019, the trial court dismissed the administrative appeal due to a lack of subject matter jurisdiction. This appeal followed.

{¶ 10} In its sole assignment of error, appellant asserts that the trial court incorrectly dismissed its administrative appeal. In particular, appellant contends that the court wrongly

determined that appellant lacked standing to appeal the administrative decision. Appellant argues that it has standing under R.C. 119.12 because the administrative decision adversely affects its pecuniary interests. Appellant claims that if the administrative decision is allowed to stand, appellant will not be paid for the medical services provided to Adams.

{¶ 11} Appellee responds that the trial court correctly determined that appellant does not have standing to appeal the administrative denial of Adams's Medicaid application. Appellee asserts that appellant was not appellant's personal representative and, thus, could not represent Adams's interests. Appellee argues that only an "appellant" as defined in R.C. 5101.35(A)(2) may appeal an administrative decision to the common pleas court.

{¶ 12} Appellee further asserts that appellant cannot claim a right to appeal under R.C. 119.12. Appellee argues that R.C. 5101.35(A)(2), not R.C. 119.12, defines who may appeal an administrative decision to a common pleas court. Appellee further contends that even if R.C. 119.12 were the authorizing statute, appellant is not a "party" as defined in R.C. 119.01(G).

{¶ 13} In reply, appellant agrees that R.C. 5101.35 governs its right to appeal. Appellant claims that Adams designated appellant as Adams's authorized representative and this designation means that appellant could represent Adams's interest in an appeal to the common pleas court.

{¶ 14} A motion to dismiss based on a lack of standing involves a question of law that an appellate court will review independently and without deference to the trial court. *See Bank of America v. Stevens*, 4th Dist. Hocking No. 16CA24, 2017-Ohio-9040, 2017 WL 6398844, ¶ 23, citing *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20.

{¶ 15} In general, "standing relates to a party's right to make a legal claim or seek judicial

enforcement of a legal duty or right." *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, 68 N.E.3d 800, ¶ 24, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, citing Black's Law Dictionary 1442 (8th Ed.2004). Thus, "[s]tanding is a threshold question for [a] court to decide in order for it to adjudicate the action." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998). Additionally, whether a party has "'standing is to be determined as of the commencement of suit.'" *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570–571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5. We further note that the party seeking to appeal bears the burden to demonstrate standing to appeal.

{¶ 16} Standing to appeal an administrative decision is not automatic. Indeed, "the right to appeal is neither inherent nor inalienable." *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (citation omitted); *accord Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 2001-Ohio-24, 743 N.E.2d 894, 2001 WL 293189 (2001). Thus, "[i]n the absence of constitutional or statutory authority," a person or entity may not "seek appellate review of the order of an administrative determination." *Willoughby Hills*, 64 Ohio St.3d at 26. Parties seeking to appeal an administrative decision "'must meet strict standing requirements in order to satisfy the threshold requirement for the * * * tribunal to obtain jurisdiction.'" *Victoria Plaza Liab. Co. v. Cuyahoga Cty. Bd. of Revision*, 86 Ohio St.3d 181, 183, 712 N.E.2d 751 (1999), quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002, fn. 4 (1998); *accord Cincinnati City School Dist. Bd. of Edn. v. Testa*, 142 Ohio St.3d 138, 2014-Ohio-4647, 28 N.E.3d 1194, ¶ 13, citing *Am.*

*Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147, 70 N.E.2d 93 (1946), paragraph one of the syllabus (stating that "adherence to the conditions * * * imposed [in the statute] is essential to the enjoyment of the right conferred").

{¶ 17} In the case sub judice, appellant sought to appeal the ODJFS's administrative decision to deny Adams's medicaid application. R.C. 5101.35 governs administrative appeals from the ODJFS and provides:

> (E) An appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee issued under division (C) of this section may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code. The appeal shall be governed by section 119.12 of the Revised Code except that:
> * * * *
> (3) The appellant shall mail the notice of appeal to the department of job and family services and file notice of appeal with the court within thirty days after the department mails the administrative appeal decision to the appellant. For good cause shown, the court may extend the time for mailing and filing notice of appeal, but such time shall not exceed six months from the date the department mails the administrative appeal decision. Filing notice of appeal with the court shall be the only act necessary to vest jurisdiction in the court.

{¶ 18} The statute thus gives an "appellant" the right to appeal an administrative decision from the ODJFS. R.C. 5101.35(A)(1)(a)(i).

{¶ 19} Determining whether the appellant in the case sub judice, Saber Health Care, fits the definition of "appellant" under R.C. 5101.35(A)(2) requires us to ascertain the meaning of the term "appellant." A court's primary goal when determining the meaning of "a statute is to give effect to the legislature's intent." *State v. Bryant*, — Ohio St.3d —, 2020-Ohio-1041, — N.E.3d —, ¶ 12. To determine legislative intent, "we first look to the text of the statute." *State v. Pendergrass*, — Ohio St.3d —, 2020-Ohio-3335, — N.E.3d — , ¶ 5.

{¶ 20} When "'the terms of a statute are clear and unambiguous, the statute should be

applied without interpretation.'"  *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, ¶ 11, quoting *Wingate v. Hordge*, 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101, 304 N.E.2d 378 (1973).  Accordingly, a court's first step when considering the meaning of a statute "is always to determine whether the statute is 'plain and unambiguous.'"  *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 8, quoting *State v. Hurd*, 89 Ohio St.3d 616, 618, 734 N.E.2d 365 (2000); *see also State ex rel. Cordray v. Midway Motor Sales, Inc.*, 122 Ohio St.3d 234, 2009-Ohio-2610, 910 N.E.2d 432, ¶ 15, quoting *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus (stating that if words used in statute or administrative rule "'be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation'").  If the language is plain and unambiguous, courts must apply it as written.  *Wilson* at ¶ 11, quoting *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13 ("'If [the statute or rule] is not ambiguous, then we need not interpret it; we must simply apply it.'").  When the language used in a statute or rule "'is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the [legislative body or rule-making authority] has said.'"  *Id.*, quoting *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, citing *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000).

{¶ 21} Additionally, courts must "give effect only to the words the legislature used, making neither additions to, nor deletions from, the statutory language."  *Id.*, citing *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 19.

Furthermore, "'[t]he interpretation of statutes and administrative rules should follow the principle that neither is to be construed in any way other than as the words demand.'" *State ex rel. Baroni v. Colletti*, 130 Ohio St.3d 208, 2011-Ohio-5351, 957 N.E.2d 13, ¶ 18, quoting *Morning View Care Ctr.–Fulton v. Ohio Dept. of Human Servs.*, 148 Ohio App.3d 518, 2002-Ohio-2878, 774 N.E.2d 300, ¶ 36 (10th Dist.).  We also observe that when a legislative "definition is available, we construe the words of the statute accordingly."  *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 4, citing R.C. 1.42; *accord Stewart v. Vivian*, 151 Ohio St.3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 25.

{¶ 22} In the case sub judice, a legislative definition is available. R.C. 5101.35(A)(2) defines an "appellant" for purposes of appealing to the common pleas court:

> "Appellant" means an applicant, participant, former participant, recipient, or former recipient of a family services program who is entitled by federal or state law to a hearing regarding a decision or order of the agency that administers the program.

{¶ 23} If we apply the plain meaning of this definition, appellant, Saber Health Care, is not an "appellant" for purposes of appeal to the common pleas court.  Appellant is not "an applicant, participant, former participant, recipient, or former recipient of a family services program."  Instead, Adams had been the applicant of a family services program, i.e., Medicaid.

{¶ 24} Appellant nevertheless contends that it has standing to appeal the administrative decision to the common pleas court on Adams's behalf as Adams's authorized representative. Appellant contends that when Adams died, appellant "did not lose its right to bring forth an appeal regarding his Medicaid application because [appellant was] acting in his best interest." In support of this assertion, appellant cites Ohio Admin. Code 5101:6-3-02.  Appellant states

that Ohio Admin. Code 5101:6-3-02 "authorizes an entity to request a state hearing without written authorization if the individual is incapacitated or deceased so long as the representative is acting in the individual's best interest."

{¶ 25} We, however, do not agree with appellant that Ohio Admin. Code 5101:6-3-02 authorized it to appeal the administrative decision to the common pleas court. Ohio Admin. Code 5101:6-3-02 sets forth the rules that apply when an individual or an authorized representative requests a state hearing–an administrative proceeding. The rule explains the requirements that apply when an authorized representative requests a state hearing on behalf of an individual:

> (3) Written authorization including, but not limited to letters of guardianship or power of attorney, must accompany all requests made on an individual's behalf by an authorized representative except:
> (a) Upon a showing that such authorization cannot be obtained because of the individual's death or incapacity, and that the representative is, in fact, acting in the individual's best interest.

Ohio Adm.Code 5101:6-3-02(A)(3).

{¶ 26} Appellant cites no authority to support its argument that this same code provision applies when an authorized representative seeks to appeal an administrative decision to the common pleas court after the individual's death. Indeed, one case that involves similar facts shows that upon the death of an individual who had previously executed a power of attorney, the power of attorney lapses and the holder of the lapsed power of attorney cannot represent the decedent's interest to receive Medicaid benefits. *Santa v. Ohio Dept. Of Human Serv.*, 136 Ohio App.3d 190, 736 N.E.2d 86 (8th Dist. 2000).

{¶ 27} In *Santa*, Elsie Santa and her son appealed an administrative decision that denied

Elsie's application for Medicaid benefits.  Several years earlier, Elsie gave her son a durable power of attorney.  Elsie later suffered health problems and eventually sought Medicaid benefits.  Although Elsie initially received Medicaid benefits, they eventually were terminated.

{¶ 28} Elsie, through her son by virtue of his power of attorney, later filed an application for Medicaid benefits, but it was denied.  Elsie's son pursued additional administrative proceedings on Elsie's behalf.  Elsie died while the administrative proceedings were pending.

{¶ 29} Elsie and her son both later sought to appeal the administrative denial to the common pleas court.  Elsie's estate was not named as a party.

{¶ 30} The trial court did not address any issues regarding Elsie's or her son's standing to appeal the administrative decision.  Instead, the trial court simply affirmed the administrative decision.

{¶ 31} On appeal, the court considered whether the son "was a real party in interest with requisite standing to maintain the action." *Id.* at 193.  The court noted that the son "properly advanced" Elsie's Medicaid application on her behalf while she was living.  *Id.*  The court explained, however, that upon her death, "the durable power of attorney given to [the son] lapsed.  At that point, [the son] had no legal authority to act on behalf of his deceased mother's interests (i.e., application for Medicaid benefits), which survived her death." *Id.*  Consequently, the court concluded that the son was not a party to the administrative appeal "because his interests * * * were not the subject of the [administrative] adjudication." *Id.* at 194.  Rather, the court determined that Elsie's interests were the subject of the administrative adjudication.  *Id.*  As such, the court found that an executor of Elsie's estate could pursue Elsie's claim to Medicaid benefits but that her son, whose power of attorney lapsed upon Elsie's death, could not.  The

court thus held that the trial court did not have jurisdiction to entertain the administrative appeal. *Id.* at 195.

{¶ 32} Likewise, in the case at bar appellant cannot represent Adams's interest in receiving Medicaid benefits. Even if appellant previously had been designated Adams's authorized representative, that designation lapsed upon Adams's death. *See* R.C. 1337.70(A)(1) ("A power of attorney terminates when * * * [t]he principal dies"). A proper party to represent Adams's estate in an administrative appeal to the common pleas court would have been a properly-appointed estate administrator. *See generally, Baker v. McKnight*, 4 Ohio St.3d 125, 128, 447 N.E.2d 104, 107, 4 O.B.R. 371 (1983), quoting *Eberbach v. McNabney*, 413 N.E.2d 958 (Ind.App.1980) (explaining that when a party dies an estate "'administrator stands in the shoes of the decedent'").

{¶ 33} At the time appellant filed the notice of appeal in the trial court, no one had been appointed an administrator of Adams's estate. Chamberlain may have applied to be the special administrator before appellant filed its complaint, but the trial court did not designate Chamberlain the special administrator until after the notice of appeal had been filed. Appellant cites no authority to support the proposition that would allow Chamberlain's appointment to relate back to the time of the filing of the notice of appeal. We additionally observe that Chamberlain did not appeal the trial court's judgment.

{¶ 34} In sum, appellant has not persuaded us that the R.C. 5101.35(A)(2) definition of "appellant" includes a party whose designation as an individual's authorized representative has lapsed due to the individual's death.

{¶ 35} Having concluded that R.C. 5101.35(A)(2) does not give appellant the right to

appeal the administrative decision to the common pleas court, we need not consider appellant's argument that appellant is a "party" under R.C. 119.12 and as defined in R.C. 119.01(G). We point out that "the duty of every judicial tribunal [is] to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *e.g., Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9. Courts should "not * * * give opinions upon moot questions or abstract propositions, or * * * declare principles or rules of law which cannot affect the matter in issue in the case before it." *Miner v. Witt*, 82 Ohio St. 237, 238, 92 N.E. 21 (1910); *accord Fortner*, 22 Ohio St.2d at 14; *In re Proposed Charter Petition*, 4th Dist. Athens No. 18CA30, 2019-Ohio-5445, 2019 WL 7560868, ¶ 14. An issue becomes moot when it is or has "become fictitious, colorable, hypothetical, academic or dead." *Culver v. Warren*, 84 Ohio App. 373, 393, 83 N.E.2d 82 (7th Dist. 1948), quoted with approval in *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, 2014 WL 7116058, ¶ 4; *accord In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, ¶ 11 (10th Dist.); *Grove City v. Clark*, 10th Dist. Franklin No. 01AP–1369, 2002-Ohio-4549, 2002 WL 2025334, at ¶ 11, quoting.

{¶ 36} In the case at bar, appellant's reply brief concedes that before the provisions in R.C. 119.12 would become applicable, appellant first would need to qualify as an "appellant" under R.C. 5101.35. We have determined, however, that appellant is not an "appellant" under R.C. 5101.35. Therefore, whether appellant is a "party" under R.C. 119.12 no longer presents an actual controversy and deciding the question would not affect the resolution of this appeal. Consequently, the issue is moot.

{¶ 37} Therefore, we do not agree with appellant that (1) it could represent Adams's interests in an administrative appeal to the common pleas court; and (2) the trial court erred by concluding that appellant lacked standing to appeal the administrative decision and by dismissing the appeal for lack of jurisdiction.

{¶ 38} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
        Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.