[Cite as *Martin v. James*, 2025-Ohio-5324.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| MICHAEL MARTIN | : | |
| | : | C.A. No. 30476 |
| Appellant | : | |
| | : | Trial Court Case No. 2025 CV 00819 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| ROBERTA JAMES DECEASED ET AL. | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 26, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, JUDGE

TUCKER, J., and HUFFMAN, J., concur.

MICHAEL MARTIN, Appellant, Pro Se
SARAH E. SESSLER, Attorney for Appellee

LEWIS, J.

{¶ 1} Plaintiff-Appellant Michael Martin appeals from an order of the Montgomery County Court of Common Pleas granting Defendant-Appellee Fifth Third Bank's motion to dismiss his complaint pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm the judgment of the trial court.

## I.      Course of Proceedings

{¶ 2} On February 12, 2025, Martin filed a complaint in the Montgomery County Court of Common Pleas against Roberta James and Fifth Third Bank. He titled the pleading "Recovery of a Promissory Note from Roberta James." Martin stated that he wanted the following from the court: "1.  [A]n order to Fifth Third Bank to release (all) relevant bank transactions of Ida Mae Martin in the months between Oct-Dec of 2005. 2. an order to release 80,000.00 dollars to the plaintiff Michael J. Martin." He stated the following regarding what he wanted to happen: "The court to order Fifth Third Bank to release 80,000.00 dollars to the plaintiff to cover the promissory note of Roberta James and who is decease[d], and without a will or executor."

{¶ 3} Attached to Martin's complaint was a typewritten document purportedly signed by Roberta James and Michael J. Martin. The document stated verbatim:

<u>PROMISSARY NOTE OF ROBERTA JAMES</u>

I Roberta James received $80,000.00 from my son Michael J. Martin on 2-15-2006, and I will pay him back in the near future, or upon my death from my

2

Estate, or from my bank account. He gave the money to help his brothers and sisters out in hard times. I was blessed that he gave so much to me at this most trying times. Both of his brothers are getting out of prison at the same time. I will pay you back my dear son Michael.

{¶ 4} On March 13, 2025, Fifth Third Bank filed a motion to dismiss Martin's complaint pursuant to Civ.R. 12(B)(6). According to Fifth Third Bank, it was not a party to the alleged promissory note attached to the complaint, and Martin failed to plead the necessary elements for injunctive relief.

{¶ 5} On the same day Fifth Third Bank filed its motion to dismiss, Martin filed a motion for discovery under Civ.R. 26(B)(1). In his motion, Martin explained that Roberta James died in October 2021 and that he had previously allowed James to borrow $80,000 from him. Martin sought discovery "that would aid the court in marking a fair and un-bias[ed] decision in the matter before the court." In particular, Martin sought "a subpoena for Ida Mae Martin covering the months in question of the $80,000.00 withdrawal, and Roberta James accounts."

{¶ 6} Fifth Third Bank filed a combined motion to stay discovery and opposition to Martin's motion for discovery. In its motion, Fifth Third stated that "it has no open accounts under the names of Roberta James or Ida Mae Martin; Ms. James' accounts were closed in 2022, and Ms. Martin's accounts were closed in 2013. Though older records may exist, Fifth Third's general retention policy for records is seven years."

{¶ 7} Martin filed a memorandum opposing Fifth Third Bank's motion to dismiss. According to Martin, he had not alleged any wrongdoing on the part of Roberta James or Fifth Third Bank. Rather, Martin was "merely collecting a debt owe[d]." Martin argued that he included Fifth Third Bank as a defendant solely because it was holding over $93,000.00

3

in Roberta James's bank accounts. He noted that he was forced to bring his claim outside of probate court because Roberta James did not have a last will and testament.

{¶ 8} On April 28, 2025, the trial court granted Fifth Third Bank's motion to dismiss the complaint. The trial court explained that a contract cannot bind a non-party to make payments under it and that Martin's complaint failed to establish the necessary elements for injunctive relief. The court further found that "[g]iven that Mr. Martin alleges Roberta James is deceased, the Court perceives that Mr. Martin has instituted this action in an apparent attempt to bypass the probate process." Final Judgment, p. 2. The trial court noted that an action cannot be commenced against a deceased defendant because an action can only be brought against a person who actually or legally exists and has the capacity to be sued. *Id.* at 2-3. The court dismissed Martin's complaint in its entirety.

{¶ 9} Martin filed a timely notice of appeal from the trial court's judgment.

## II.    Assignment of Error

{¶ 10} Martin's sole assignment of error states:

The Appellant was denied his U.S. Constitutional rights under the 14th Amendment of due process and equal protection.

{¶ 11} When reviewing the sufficiency of a complaint, this court is mindful that Civ.R. 8(A) provides for notice pleading, which requires a "short and plain statement of the claim showing that the party is entitled to relief" and "a demand for judgment for the relief to which the party claims to be entitled." The court must accept all the factual allegations in the complaint as true and construe all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Even under Ohio's liberal pleading rules and notice-pleading standard, however, a cause of action must be supported factually. *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, ¶ 28 (8th Dist.). Additionally, the court need

4

not accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co., L.P.A.*, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 12} The Ohio Supreme Court has held that a trial court should not grant a motion to dismiss "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957). For example, if a court can determine conclusively from the face of the complaint that an action is time-barred, the court may dismiss the complaint pursuant to Civ.R. 12(B)(6). *Doe v. Archdiocese of Cincinnati*, 2006-Ohio-2625, ¶ 11.

{¶ 13} When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently examine the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 13 (2d Dist.), citing *Ament v. Reassure Am. Life Ins. Co.*, 2009-Ohio-36, ¶ 60 (8th Dist.). Therefore, we review de novo the trial court's decision granting Fifth Third Bank's motion to dismiss. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 4-5.

{¶ 14} Martin makes two arguments in his assignment of error. First, he argues that he has received no notice of any probate proceeding involving an estate of Roberta James. According to Martin, the probate court does not have any jurisdiction over his claim involving the promissory note because Roberta James did not have a last will and testament. As the trial court explained, Martin cannot sue Roberta James, because she is dead. "A cause of action may only be brought and sustained against a party who actually or legally exists and who has the capacity to be sued." *Third Fed. S. & L. Assn. of Cleveland v. Doles*, 2014-Ohio-5181, ¶ 14 (11th Dist.), citing *Baker v. McKnight*, 4 Ohio St.3d 125, 127 (1983).

5

"Because 'actual or legal' existence as well as legal competency are conditions precedent for being sued, a deceased individual cannot be a party to an action." *Id.*, citing *Baker* at 127. Therefore, Martin failed to state a claim against Roberta James.

{¶ 15} Second, Martin contends that his request for discovery should have been granted because Fifth Third Bank was required to retain the records of Roberta James's deposit of $80,000 in 2005 or 2006. A motion to dismiss under Civ.R. 12(B)(6) is directed solely at the pleadings. "It is axiomatic that discovery under the Civil Rules is generally outside the scope of the pleadings." *Winkle v. Southdown, Inc.*, 1993 WL 333643, *5 (2d Dist. Sept. 3, 1993), citing *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124 (1989). "When a trial court dismisses an action solely because the complaint fails to state a claim under Civ.R. 12(B)(6), and does not act as finder of fact, discovery is not required." *Sarossy v. Sarossy*, 1995 WL 237131, *4 (8th Dist. Apr. 20, 1995). Further, the dismissal of Martin's complaint pursuant to Civ.R. 12(B)(6) rendered Martin's request for discovery moot. *See Winkle* at *5.

{¶ 16} Based on the record before us, we cannot conclude that the trial court erred in granting Fifth Third Bank's motion to dismiss the complaint in its entirety or in overruling Martin's motion for discovery. Martin could not state a claim against the decedent, Roberta James. Further, Martin failed to state a claim against Fifth Third Bank, because it was not a party to the promissory note on which Martin based his complaint. Finally, Martin failed to show that the trial court denied him due process and equal protection.

{¶ 17} Martin's assignment of error is overruled.

### III. Conclusion

{¶ 18} Having overruled Martin's assignment of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.